FILED
NOV 28 2001
STATES DISTRICT COURT
ERN DISTRICT OF ALABAMA

ENTERED
NOV 29 2001

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

TRICIA NICOLE DAVIS, and her mother, )
Patricia D. Davis, as mother and next friend )
of Tricia Nicole Davis, )
                                     )
    Plaintiffs, )
                                     )
v.                                     )   Case No. CV-01-PT-1738-E
                                     )
BRUNSWICK CORPORATION, a )
corporation; et al., )
                                     )
    Defendants. )

**MEMORANDUM OPINION**

    This cause comes to be heard upon plaintiffs Tricia Nicole Davis and her mother Patricia D. Davis' Motion to Remand filed August 9, 2001.

**PARTIES**

    Plaintiffs are now, and were at the time of filing the complaint and amended complaint, residents of the State of Alabama.

    Defendant Brunswick Corporation ("Brunswick") is now, and was at the time of filing the complaint, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Illinois.

    Defendant T M Marine Group, L.L.C. ("T M Marine") is now, and was at the time of the filing of the complaint, a limited liability company organized under the existing laws of the State of Missouri, with its principal place of business in the State of Missouri.

    Defendants Timothy Jason Cotton ("Cotton") and William K. Pearce ("Pearce") were residents of the State of Alabama at the time of filing of the amended complaint.

## FACTS

On April 16, 2000, plaintiffs Tricia Nicole Davis and Patricia D. Davis filed a complaint in the Circuit Court of Calhoun County, Alabama, alleging that defendants Cotton and Pearce operated "a certain boat and its appliances in a manner that was negligent and wanton, said negligence and wantonness proximately causing personal injury, physical harm, economic and property loss, and other loss, costs, and expense to the plaintiffs...." Defendants Cotton and Pearce were the only specifically named defendants when this complaint was filed. The plaintiffs did name fictitious parties "A, B, C, D, E, and F" as defendants in the complaint. Plaintiffs requested compensatory and punitive damages for the alleged "wanton, gross, and willfully negligent" acts of the defendants.

On June 1, 2001, the plaintiffs filed an amended complaint in the Calhoun County Circuit Court adding Brunswick and T M Marine as defendants to replace fictitious parties A and B. The plaintiffs pled in the amended complaint that the allegedly defective boat and motor were "manufactured, distributed, sold, and otherwise placed in the stream of commerce" by Brunswick and T M Marine.

On June 12, 2001, the plaintiffs and their attorneys signed a "Pro Tanto Release" with respect to defendants Cotton and Pearce. The release provides as follows:

> [T]he undersigned hereby release and forever discharge Timothy Jason Cotton and William K. Pearce, their agents, insurers, servants, and employees . . . from any and all claims, demands, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries . . . which have resulted or may in the future develop from an accident on or about the 26th day of July, 1999, in Calhoun County, Alabama.
>
> The undersigned hereby further release and forever discharge the named released parties of and from any and all claims asserted by the undersigned in that certain lawsuit heretofore filed by the undersigned in the Circuit Court of Calhoun County, Case Number CV-2000-331, and from any and all claims in any way

2

related to or arising out of the set of operative facts out of which the claims asserted in the lawsuit arose.

In further consideration for the payment to the undersigned herein recited, the lawsuit shall be dismissed as to the released parties with prejudice, which Order of the Court shall be a final Order.

On July 11, 2001, defendant Brunswick, pursuant to 28 U.S.C. § 1441 (1994), filed a notice of removal of the state court action from the Circuit Court of Calhoun County, Alabama, to this court. Defendant T M Marine filed a consent for removal on the same day. In response, plaintiffs filed a motion to remand on August 9, 2001.

## ARGUMENT

The plaintiffs argue that this action is due to be remanded to the Circuit Court of Calhoun County, Alabama, for two main reasons. First, they argue that the motion to remand was untimely filed because the civil action had been pending in a state court for more than a year when the notice of removal was filed. *See* 28 U.S.C. § 1446(b) (1994). Second, they contend that removal of the action to this court was inappropriate because there was a lack of complete diversity of citizenship at the time of removal. *See* 28 U.S.C. § 1332 (1994).

### *Timely Removal Under 28 U.S.C. § 1446(b)*

Plaintiffs argue that their motion to remand is due to be granted because defendants Brunswick and T M Marine's notice of removal was untimely filed. The plaintiffs rely on the provisions of 28 U.S.C. § 1446(b) to support this assertion:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

3

(emphasis added). The plaintiffs claim that defendants Brunswick and T M Marine have admitted that "if an amended Complaint relates back to the filing of the initial Complaint, the one year bar for removal of actions will have begun to run from the initial filing, not the later amendment." (Defs.' Notice of Removal at ¶ 8). Plaintiffs argue that Alabama's fictitious party practice dictates that the amended complaint relates back to the original complaint and, consequently, the defendants' notice of removal was untimely filed.

According to the plaintiffs, the amended complaint relates back to the original complaint because defendants Brunswick and T M Marine were designated as fictitious parties A and B. They state that they designated these defendants as fictitious parties in the original complaint pursuant to Alabama Rule of Civil Procedure 9(h).[1] They argue that Alabama Rule of Civil Procedure 15(c)(4) provides for relation back of a claim against parties originally fictitiously designated pursuant to Rule 9(h).[2] In addition, plaintiffs allege that they have satisfied the requirements for fictitious party practice as set forth in *Kinard v. C.A. Kelly and Co.*, 468 So. 2d 133, 135 (Ala. 1985). Plaintiffs contend that *Kinard* holds that "[i]n order to proceed under Rule

---

[1] Rule 9(h) reads as follows:

(h) **Fictitious Parties.** When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

*Ala. R. of Civ. P.* 9(h).

[2] Rule 15(c)(4) provides in relevant part:

(c) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when . . .
(4) relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).

*Ala. R. Civ. P.* 15(c)(4).

4

9(h), the plaintiff must be ignorant of the identity of the fictitious party when he files the original complaint and he must state a cause of action against the fictitious party in the body of the original complaint." *Id.* The plaintiffs state that these requirements were satisfied when the state action was commenced against defendants Brunswick and T M Marine as fictitious parties on April 16, 2000.[3] They note that the notice of removal was filed on July 11, 2001, more than one year after the commencement of the state court action. They further point out that defendants assert in their notice of removal that this court had jurisdiction pursuant to 28 U.S.C. § 1332. Since jurisdiction is allegedly conferred on this court by section 1332 and the amended complaint relates back to the filing date of the original complaint, plaintiffs argue that the notice of removal was untimely filed.

In response, defendants Brunswick and T M Marine argue that 28 U.S.C. § 1446(b) has not been violated because the action was properly removed within one year of the commencement of the action as to them. Defendants concede that an amendment substituting the correct name of a fictitiously named defendant may be deemed to relate back to the date that the complaint was filed if the plaintiff stated a cause of action against the fictitiously named defendant in the body of the complaint and if the plaintiff was ignorant of the fictitiously named defendant at the time of the filing. *Citing Ex parte FMC Corp.*, 599 So. 2d 592, 593 (Ala. 1992). However, the defendants argue that the Alabama Supreme Court has held that a plaintiff must exercise due diligence to ascertain the identity of the party intended to be sued in order to satisfy

---

[3] Plaintiffs cite the court to the caption and ¶5 of the complaint in support of their assertion that the fictitious party requirements set forth in *Kinard* have been satisfied. The caption of the complaint states that the defendants are "TIMOTHY JASON COTTON, WILLIAM K. PEARCE, A, B, C, D, E, and F whose true names are otherwise unknown to plaintiffs but will be added by amendment when correctly ascertained." Paragraph 5 of the complaint implicates "Defendants, A, B, and C" as the parties that manufactured, designed, sold, marketed and distributed the allegedly defective boat and motor.

this burden: "Likewise, to invoke the relation-back principle of Rule 15(c), a plaintiff, after filing suit, must proceed in a reasonably diligent manner to determine the true identity of a fictitiously named defendant and to amend his complaint accordingly." *Id.* at 593-94. Defendants contend that the plaintiffs did not proceed in a reasonably diligent manner in determining who manufactured the boat and motor at issue in this case.

Defendants argue that several Alabama Supreme Court cases have established the proposition that failure to use all available means of obtaining the identity of a defendant is fatal to a claim of due diligence. *Citing Jones v. Resorcon, Inc.*, 604 So. 2d 370 (Ala. 1992); *Harmon v. Blackwood*, 623 So. 2d 726 (Ala. 1993); *Miller v. Norwood Clinic, Inc.*, 577 So. 2d 860 (Ala. 1991); *Bowen v. Cummings*, 517 So. 2d 617 (Ala. 1987), *Sherrin v. Bose*, 608 So. 2d 364 (Ala. 1992). Defendants assert that *Jones* and *Sherrin* are particularly illustrative of this principle. According to the defendants, the *Jones* court held that the plaintiff did not meet the due diligence standard in his efforts to discover the manufacturer of a blower fan because he did not attempt to obtain a court-ordered inspection of the fan by an attorney or safety expert. *Jones*, 604 So. 2d at 373. Additionally, the defendants note that the *Sherrin* court affirmed a trial court's refusal to apply the relation-back principle because the plaintiff had not substituted the named defendant within a reasonable time when the plaintiff waited almost ten months to add a defendant after ascertaining that defendant's identity through the interrogatory responses. *Sherrin*, 608 So. 2d at 366.

In light of these decisions, the defendants argue that the steps taken by the plaintiffs to identify the proper parties in this action can not withstand due diligence analysis. The defendants note that the Alabama Marine Police Marine Accident Investigation Report provided the make, model, and serial numbers for both the boat and the motor in issue. The defendants

claim that this report was available within days of the accident. Defendants also contend that the fourteen month period between the time the complaint was filed and the time Brunswick was added as a defendant provided more than ample time for the plaintiffs to inspect the boat and motor to determine their manufacturers. Finally, defendants claim that the plaintiffs were given the information they needed to substitute the named defendants for the fictitious parties as early as September 14, 2000. Defendants Brunswick and T M Marine claim that defendant Pearce's interrogatory identified Pro-Craft as the manufacturer of the boat and Mariner as the manufacturer of the boat motor. They also claim that Pearce's interrogatory responses provided the plaintiffs with the date the boat and motor were purchased and the city in which they were purchased. Defendants thus claim that the plaintiffs did not exercise due diligence in undertaking to ascertain the names of the defendants intended to be sued in this case and, thus, they are not entitled to the relation-back principle under the fictitious party rule.

In reply, plaintiffs argue that the question of the exercise of due diligence in ascertaining the identity of a fictitiously named defendant is one of fact where the facts are in dispute. They contend that *Ex parte FMC Corporation*, 599 So. 2d 592 (Ala. 1992), clearly provides that this issue is a matter of fact to be resolved by the fact finder rather than a matter of law to be adjudicated on summary judgment or the like. Furthermore, plaintiffs contend that the burden is on defendants Brunswick and T M Marine to show a failure to exercise due diligence as a matter of law.

### *Diversity of Citizenship Jurisdiction Under 28 U.S.C. § 1332*

Plaintiffs' second argument for remand is that there was a lack of complete diversity of citizenship at the time of removal. Plaintiffs argue that although it had entered into a pro tanto release with in-state defendants Cotton and Pearce, no court order had been entered releasing or

dismissing these parties as of the date of removal. Thus, Cotton and Pearce remained parties to the civil action when the case was removed. Plaintiffs rely on *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996), for the proposition that removal is not allowed when any defendant is a citizen of the state from which removal is sought: "[T]he defendant or defendants may remove the action to federal court, § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' § 1441(b)." *Id.* at 62. Plaintiffs further state that removability should be determined "'according to the plaintiff's pleading at the time of the petition for removal.'" *Coker v. Amoco Oil Co.*, 709 F.2d 1433. 1440 (11th Cir. 1983) (internal citation omitted). Since Cotton and Pearce were still defendants when the action was removed, plaintiffs conclude that removal was improper because there was not complete diversity of citizenship.

In response, defendants Brunswick and T M Marine argue that the case became removable as soon as Brunswick received documents "evidencing plaintiffs' unequivocal and unconditional voluntary abandonment of their claims against the resident defendants."[4] Defendants argue that 28 U.S.C. § 1446(b) sets forth the time and manner for removing a case which becomes removable sometimes after its original filing:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may be first ascertained that the case is one which is or has become removable . . . .

(emphasis added). According to the defendants, the federal courts have interpreted this provision to mean that "[a] case may be removed based on any voluntary act of the plaintiff that

---

[4] The defendants not only make this assertion but contend that it may have been to late to remove the case if they had waited for a formal dismissal order from the Circuit Court of Calhoun County to file the notice of removal. *See Skidmore v. Beech Aircraft Corp.*, 672 F. Supp. 923, 926 (M.D. La. 1987) (holding that removal was untimely because it was not made within thirty days of the removing defendant having learned of the release of the only remaining resident defendant).

8

eliminates [a] nondiverse defendant from the case." *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000). Defendants maintain that under this "abandonment" theory, federal courts do not demand a formal dismissal as a prerequisite to removal when defendants have received documents evidencing plaintiff's settlement or release of claims against resident defendants. *Relying on Martineau*, 203 F.3d at 910-11; *Skidmore*, 672 F. Supp. at 925-26; *Rawlings v. Prater*, 981 F. Supp. 988, 989-90 (S.D. Miss. 1997). Consequently, defendants assert that the case was ripe for removal because the plaintiffs had "undoubtedly abandoned their claims against defendants Cotton and P[ea]rce."[5]

## MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994). Therefore, federal courts only have power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The limited nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where federal jurisdiction is not absolutely clear. *Burns*, 31 F.3d at 1095. The removal statute is to be construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).

A case may be removed from state to federal court only if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a) (1994). The burden of establishing federal jurisdiction is placed on the removing party with all doubts resolved in favor of remand.

---

[5] The defendants claim that the plaintiffs' pro tanto release executed on June 12, 2001, voluntarily and unequivocally abandoned their claims against Cotton and Pearce. They also contend that the release is valid and enforceable under Alabama law. *See Boggan v. Waste Away Group, Inc.*, 585 So. 2d 1357, 1359 (Ala. 1991) (noting that in the absence of fraud, a release supported by valuable consideration and unambiguous in meaning will be given effect according to the intentions of the parties).

9

*See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). A state court action may be removed to federal court based upon diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a), (b) (1994). However, diversity will not support removal jurisdiction if any properly joined defendants are citizens of the state in which the suit was originally filed. *See id.*

## ANALYSIS

This court must apply the substantive law of Alabama in this diversity case, unless federal constitutional or statutory law requires a contrary result. *See Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771 (11th Cir. 2000) (citing *Salve Regina College v. Russell*, 499 U.S. 225, 226 (1991)). To determine the law of Alabama, this court must follow the decisions of the Alabama Supreme Court, and in the absence of such decisions on an issue, must adhere to the decisions of the Alabama appellate courts unless there is some "persuasive indication that the state's highest court would decide the issue otherwise." *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir. 1982). Furthermore, "[o]nly where no state court has decided the point in issue may a federal court make an educated guess as to how that state's supreme court would rule." *Benante v. Allstate Ins. Co.*, 477 F.2d 553, 554 (5th Cir. 1973). In making this "educated guess," federal courts can consider all resources available, "including decisions of other states, . . . and federal decisions, and the general weight and trend of authority." *Farmers Alliance Mut. Ins. Co. v. Bakke*, 619 F.2d 885, 888 (10th Cir. 1980).

This court referred the issue of reasonable diligence to a magistrate judge. On November 5, 2001, the magistrate judge filed a report and recommendation concluding that the plaintiff had not used reasonable diligence in ascertaining the names of the removing defendants and amending the complaint to name them. The plaintiffs have not objected to said report and recommendation. The court adopts that report and recommendation and concludes (1) the

removal was timely and (2) at the time of the removal there were, effectively, only diverse defendants. The motion to remand will be denied.

This __27th__ day of November 2001.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

11