IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

TRICIA NICOLE DAVIS, and her mother, )
Patricia D. Davis, as mother and next friend )
of Tricia Nicole Davis, )
)
    Plaintiffs, )
)
v. ) Case No. CV-01-PT-1738-E
)
BRUNSWICK CORPORATION, a )
corporation; et al., )
)
    Defendants. )

## MEMORANDUM OPINION

This cause comes to be heard on defendant TM Marine Group, L.L.C.'s Motion to Dismiss Plaintiff's Complaint and Amendment Adding Additional Defendants and Motion for More Definite Statement filed on July 11, 2001.

## FACTS

On April 16, 2000, plaintiffs Tricia Nicole Davis and Patricia D. Davis filed a complaint in the Circuit Court of Calhoun County, Alabama, alleging that former defendants Timothy Jason Cotton and William K. Pearce operated "a certain boat and its appliances in a manner that was negligent and wanton, said negligence and wantonness proximately causing personal injury, physical harm, economic and property loss, and other loss, costs, and expense to the plaintiffs. . . ."[1] Cotton and Pearce were the only specifically named defendants when this complaint was filed.

The plaintiffs did name fictitious parties "A, B, C, D, E, and F" as defendants in the

---

[1] On June 12, 2001, the plaintiffs and their attorneys signed a "Pro Tanto Release" with respect to defendants Cotton and Pearce.

complaint. In Paragraph 5, the plaintiffs made the following allegation:

> Defendants A, B, and C, whose true names are otherwise unknown to the plaintiff but will be added by amendment when correctly ascertained, did manufacture, design, sell, market, distribute, or otherwise place in the stream of commerce, a boat, motor, propeller, propeller guard, or other product thereof, which was unreasonably dangerous and defective, and was unfit for use by or in relation to the ordinary consumer when used in the manner for which it was designed and intended. The said conduct of said defendants, and the said defendants' acts and omissions proximately caused injury, damage, and harm to plaintiff which is otherwise described in this Complaint.

The plaintiffs further alleged in Paragraph 6 the following:

> 6. Defendants A, B, and C, whose true names are otherwise unknown to the plaintiff but will be added by amendment when correctly ascertained, further acted negligently, wantonly, and otherwise tortiously, in that they had a duty to place in the stream of commerce only such items and parts as described in the preceding paragraph as were reasonably safe, and not unreasonably dangerous, and the defendants otherwise acted and omitted to act in such a manner as to be negligent and wanton. The said negligence and wantonness of the said defendants proximately caused the harm, injury, and damage to the plaintiff otherwise described in this Complaint.

Plaintiffs requested compensatory and punitive damages for the alleged "wanton, gross, and willfully negligent" acts of the defendants.[2]

On June 1, 2001, the plaintiffs filed an amended complaint in the Calhoun County Circuit Court adding Brunswick and T M Marine as defendants to replace fictitious parties A and B. The plaintiffs pled in the amended complaint that the allegedly defective boat and motor were "manufactured, distributed, sold, and otherwise placed in the stream of commerce" by Brunswick and T M Marine. Specifically, the plaintiffs alleged in Paragraph 2 the following:

> [T]he boat and motor which injured the plaintiff were dangerous and defective at the time of their manufacture in that they posed an unreasonable risk, hazard, and

---

[2] This court has previously held that the plaintiffs were not diligent in naming other defendants. The fact that they suggested the possibility in their very first complaint but waited over fourteen months to amend, tends to bear out the lack of diligence.

> danger of injury when used for the purpose for which they were manufactured and sold, and that they fail to meet the reasonable expectations of the ordinary consumer as to safety, in their design, manufacture, assembly, construction, and other handling.

The plaintiffs further alleged that "[t]he conduct of the said defendants in the design, manufacture, assembly, construction, and other handling of the said products was negligent and wanton." *See* Paragraph 4.

## ARGUMENTS

Defendant TM Marine Group, L.L.C. ("TM") requests two forms of relief. First, it requests that plaintiffs' negligence and wantonness claims be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. TM argues that under Alabama law, negligence and wantonness claims are subsumed by or merged with claims brought pursuant to the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD"). In support of this argument, TM relies on several federal district court and Alabama Supreme Court decisions. *See Tillman v. Reynolds Tobacco Co.*, 89 F. Supp. 2d 1297 (S.D. Ala. 2000); *McPhail v. Mitsubishi Motor Mfg., Inc.*, 80 F. Supp. 2d 1309 (S.D. Ala. 1997); *Brock v. Baxter Healthcare Corp.*, 96 F. Supp. 2d 1352 (S.D. Ala. 2000); *Veal v. Teleflex, Inc.*, 586 So. 2d 188 (Ala. 1991); and *Casrell v. Altec Indus., Inc.*, 335 So. 2d 128 (Ala. 1976). It concludes that to the extent the plaintiffs assert a claim against it based on alleged violations of the AEMLD, the plaintiffs cannot assert negligence and/or wantonness claims because they become subsumed by or merged with the AEMLD claim.

Second, TM requests that the court grant its motion for a more definite statement regarding the allegations in Paragraph 2 of the plaintiffs' amended complaint.[3] In Paragraph 2

---

[3] TM makes this request pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

3

the plaintiffs allege the that the subject boat and motor were

> dangerous and defective at the time of their manufacture in that they posed an unreasonable risk, hazard, and danger of injury when used for the purposes for which they were manufactured and sold, and in that they fail to meet the reasonable expectations of the ordinary consumer as to safety, in their design, manufacture, assembly, construction, and other handling.

TM argues that these allegations are vague and conclusory. It claims that they do not provide it with any meaningful information about what it is alleged to have done wrong, or what alleged defects existed in the subject boat and/or motor. In support of its argument, TM cites the court to an unpublished opinion by Judge Vollmer, *Gary Lee Martin v. Nissan N. Am., Inc.*, Civil Action No. 98-1172-RV-S (S.D. Ala. April 6, 1999). According to TM, Judge Vollmer relied on the Eleventh Circuit's opinion in *Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290 (1998), to require the plaintiffs in an automotive products liability case to file an amended complaint identifying the specific defects in the allegedly defective product.[4]

The plaintiffs did not respond by motion. However, they did respond to TM's motion by letter. In the letter, plaintiffs bring to the court's attention the recent case of *Hannah v. Gregg, Bland & Berry, Inc.*, No. 1002094, 2002 WL 734347 (Ala. April 26, 2002). The plaintiffs argue that this case demonstrates that a case may be brought under both the AEMLD and theories of negligence. The plaintiffs did not address TM's motion for a more definite statement.

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327 (1991). All factual allegations are to be construed

---

[4] This court will do the same.

in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). Usually, a complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that will entitle him to relief. *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996).

## ANALYSIS

Alabama law provides for three main theories of liability in product liability actions: 1) AEMLD, 2) negligence, and 3) wantonness. These theories will now be discussed in turn.

### *Alabama Extended Manufacturer's Liability Doctrine ("AEMLD")*

The Alabama Supreme Court created the AEMLD in the following companion cases: *Atkins v. American Motors Corp.*, 335 So. 2d 134 (1976) and *Casrell v. Altec Indus., Inc.*, 335 So. 2d 128 (1976). The AEMLD puts the focus on the quality of the product; rather than the standard of conduct of the manufacturer. *See Atkins*, 335 So. 2d at 139. As the Alabama Supreme Court explained:

> The gravamen of the action is not that the defendant failed to exercise due care in the manufacture, design, sale or placing in the commercial stream a defective product; rather, the gravamen of the action is that the defendant manufactured or designed or sold a defective product which, because of its unreasonable unsafe condition, injured the plaintiff or damaged his property when such product, substantially unaltered, was put to its intended use.

*Id.* By creating the AEMLD, the Alabama Supreme Court did not abandon the "fault concept." Instead, "[t]he fault of the manufacturer, or retailer, is that he has conducted himself unreasonably in placing a product on the market which will cause harm when used according to its intended purpose." *Id.* at 140.

To establish liability under the AEMLD:
(1) A plaintiff must prove he suffered injury or damages to himself or his property by one who sold a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
(a) the seller was engaged in the business of selling such a product, and
(b) it was expected to, and did, reach the user or consumer without substantial change in the condition in which it was sold.
(2) Having established the above elements, the plaintiff has proved a prima facie

5

>case although
>(a) the seller had exercised all possible care in the preparation and sale of his product, and
>(b) the user or consumer had not bought the product from, or entered into any contractual relationship with, the seller.

*Id.* at 141. The Supreme Court reiterated that negligence was still the basis of liability in products liability litigation. *Id.* It simply held "that selling a dangerous unsafe product is negligence as a matter of law."[5] *Id.* A plaintiff that establishes a violation of the AEMLD is entitled to compensatory damages.[6]

*Negligence*

An injured plaintiff can allege a theory of negligence if the manufacturer fails to exercise due care in making its product. *See Yamaha Motor Company v. Thornton*, 579 So. 2d 619 (Ala. 1991). In *Thornton*, the father of a deceased minor motorcyclist brought a wrongful death/products liability action against the manufacturer of the motorcycle. *Id.* at 620. The father's complaint was based upon the AEMLD and on negligence and wantonness theories. *Id.* at 620-621. The Alabama Supreme Court based the negligence and wantonness claims on the following allegations in the complaint:

>The plaintiff also alleged that the motorcycle was in a defective condition and was unreasonably dangerous to Keyeion, alleging that it was designed, manufactured, and sold or distributed in a defective condition that subjected the child to an unreasonable risk of harm. The complaint further alleged that the motorcycle was unreasonably dangerous in its design and manufacture and was accompanied by inadequate warnings and instructions. The plaintiff's claims of negligence and wantonness arose from these alleged deficiencies and from

---

[5] The Alabama Supreme Court even instructed practitioners that actions asserting liability under this legal theory should include an allegation or statement in the complaint to the effect that the "action is brought under the Alabama Extended Manufacturer's Liability Doctrine." *Casrell*, 335 So. 2d 128, 133 n.1.

[6] *See Pitt v. Century II, Inc.*, 631 So. 2d 235 (Ala. 1993) (reversing remittitur of $300,000 compensatory damage award in AEMLD case).

6

>Yamaha's alleged failure to apply safety engineering principles to identify and eliminate hazards associated with the use of the motorcycle and to test the suitability of the motorcycle for young, inexperienced riders.

*Id.* at 621 n.2. The Supreme Court held that the plaintiff met the burden of proof to sustain his claim of negligence. It noted that the plaintiff produced sufficient evidence from which a jury could conclude that Yamaha failed to install a power reduction plate on the deceased child's motorcycle. *Id.* at 623.[7]

***Wantonness***

A plaintiff can allege a theory of wantonness if the manufacturer's conduct "is carried on with a reckless disregard of the rights or safety of others." *Ala. Code* § 6-11-20(b)(3). Punitive damages may be awarded in a products liability action where it is proved by "clear and convincing evidence" that the manufacturer "consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." *Id.* at § 6-11-20(a).

In *Cessna Aircraft Co. v. Trzcinski*, 682 So. 2d 17 (Ala. 1996), the Alabama Supreme Court reversed an award of punitive damages based on a claim of wantonness in a products liability action. The Supreme Court concluded that the plaintiff failed to present *clear and convincing* evidence that Cessna's actions regarding the process of designing and manufacturing a shoulder harness constituted wanton misconduct. *Id.* at 19. The Supreme Court stated that the plaintiff offered no evidence, expert or otherwise,

>indicating that Cessna failed to undertake safety-design engineering or that it was aware that its manufacturing process was likely to produce defective harnesses. Likewise, there was no evidence that the harnesses were prone to the kind of failure experienced by Trzcinski, or that there had been any reports of similar

---

[7] *See also Flagstar Enterprises, Inc. v. Davis*, 709 So. 2d 1132 (Ala. 1998) (holding that evidence was sufficient to create jury issue on negligence and AEMLD claims where customer discovered human blood in styrofoam package containing biscuit and gravy).

incidents in the past.

*Id.* at 22. *See also Coca-Cola Bottling Co. United, Inc. v. Stripling*, 622 So. 2d 882 (Ala. 1993) (reversing punitive damage award on wantonness claim in products liability action where plaintiff failed to present clear and convincing evidence that bottler had any knowledge of glass getting into bottles that reached consumers) *and Flagstar Enterprises, Inc. v. Davis*, 709 So. 2d 1132 (Ala. 1998) (holding that customer failed to establish wantonness on part of restaurant and its employees by clear and convincing evidence). *But see Hobart Corp. v. Scoggins*, 776 So. 2d 56 (Ala. 2000) (holding that although a plaintiff did not present clear and convincing evidence of wanton conduct to support an award of punitive damages in a products liability action, the plaintiff did present substantial evidence of wanton conduct to support an award of compensatory damages under the AEMLD).

## CONCLUSIONS OF THE COURT

In products liability actions, an injured plaintiff can pursue AEMLD, negligence, and wantonness claims under Alabama law. The theories are legally distinct.[8] The focus of the AEMLD claim is the defective product. The legal question that must be addressed is whether the product was not reasonably safe when applied to its intended use. *See Casrell*, 335 So. 2d at 132. Under an AEMLD claim, "the fault or negligence of the defendant is that he has conducted himself in a negligent manner by placing a product on the market causing personal injury or property damage, when used for its intended purpose." *Id.* Furthermore, "[t]he care with which

---

[8] This conclusion is further supported by the Alabama Supreme Court's comment in footnote one of the *Casrell* opinion: "We suggest the better practice in actions brought asserting liability *under the theory of law expounded in this opinion* to be an allegation or statement in the complaint to the effect that 'this action is brought under the Alabama Extended Manufacturer's Liability Doctrine.'" 335 So. 2d at 133 n.1 (emphasis provided). The court was creating a new theory of liability. It did not extinguish or subsume the traditional theories of negligence and wantonness in products liability actions.

a defective product is manufactured and sold is now immaterial, when given the allegation and proof of injury resulting proximately from the product's defective condition." *Id.* at 133.

A plaintiff can also maintain a separate causes of action for negligence and wantonness. The focus of these claims is on the actions of the manufacturer. The legal question in the negligence claim is whether the manufacturer failed to exercise due care in making the product. *See Thornton*, 579 So. 2d at 623. The legal question in the wantonness claim is whether the manufacturer exhibited "conscious culpability", i.e., a conscious or reckless disregard of likely injury in the manufacture of its product. *See Trzcinski*, 682 So. 2d at 19, 22.

The plaintiffs allege all three theories in their original and amended complaints. In paragraph 5 of the original complaint the plaintiffs alleged a violation of the AEMLD. The plaintiffs alleged that the defendants

> did manufacture, design, sell, market, distribute, or otherwise place in the stream of commerce, a boat, motor, propeller, propeller guard, or other product or part thereof, which was unreasonably dangerous and defective, and was unfit for use by or in relation to the ordinary consumer when used in the manner for which it was designed and intended.

The plaintiffs also alleged a violation of the AEMLD in paragraph 2 of the amended complaint. The plaintiffs further alleged claims for negligence and wantonness in paragraph 4 of the amended complaint:

> The conduct of the said defendants in the design, manufacture, assembly, construction, and other handling of the said products was negligent and wanton. The said negligence and wantonness of the defendants by this Amendment proximately caused the harm, damage, loss, and injury described and complained of in the Complaint heretofore filed in this civil action.

The focus of this claim is on the conduct of the defendants; not on the unreasonably dangerous nature of the product. The claims are legally distinct under Alabama law and are allowable.

The authorities cited by the defendants do not persuade the court to a contrary

conclusion. The various federal district court decisions in *Pitts, Wakeland, Brock, Tillman*, and *McClain* all held that negligence and/or wantonness claims are subsumed into a AEMLD claim when the plaintiff alleges that he was injured by a defective and unreasonably dangerous product placed into the stream of commerce by the defendant. *See Pitts*, 859 F. Supp. at 551 (holding that AEMLD is the sole cause of action for negligence when the factual basis for the charge of negligence is that the defendant set a defective product into the stream of commerce); *Williamson*, 996 F. Supp. at 1217 (holding that there is no separate action for negligence when a plaintiff claims he was injured by a defective and unreasonably dangerous product); *Tillman*, 89 F. Supp. 2d at 1299-1300 (holding that negligence and wantonness claims merge into AEMLD claims were plaintiff alleged that designed and manufactured a product unreasonably dangerous to consumers); *McClain v. Metabolife International, Inc.*, 2002 U.S. Dist. LEXIS 6431, *7-8 (N.D. Ala. Mar. 27, 2002) ("The hybrid nature of the AEMLD has the consequence of being the sole cause of action for negligence when the factual basis for the charge of negligence is that the defendant placed an unreasonably dangerous product into the stream of commerce.").

  These district court opinions all rely on the Alabama Supreme Court's opinion in *Veal v. Teleflex, Inc.*, 586 So. 2d 188 (1991), to support their holdings that negligence and wantonness claims are merged into AEMLD claims. *See McClain*, 2002 U.S. Dist. LEXIS 6431, *8 (stating that *Veal* is "the case most often relied upon for the 'merger' of claims proposition"). In *Veal*, the Alabama Supreme Court affirmed the decision of the trial court to not charge the jury with regard to negligence and wantonness theories of liability in a products liability action. 586 So. 2d at 191. The court found that "[t]he substance of the complaint against [the defendant] was that it placed into the stream of commerce a product that was unreasonably dangerous for its intended purpose." *Id*. The court concluded that this type of allegation was a claim under the

AEMLD and held that "trial court did not err in refusing to charge the jury with regard to negligence and wantonness." *Id.* The court cited its decision in *Casrell* to support this conclusion.

*Veal* does not stand for the broader proposition that all claims for negligent and/or wanton conduct on the part of a manufacturer in a products liability action are merged into a AEMLD claim. It simply provides that if the plaintiff alleges that the manufacturer placed a defective or unreasonably dangerous product into the stream of commerce the appropriate claim is one under the AEMLD. A manufacturer can still be liable for its wanton conduct under Alabama law. *See Trzcinski*, 682 So. 2d at 22 (holding that the trial court erred in denying manufacturer's motion for a J.N.O.V. on the issue of punitive damages awarded for plaintiff's wantonness claim; plaintiff failed to produce clear and convincing evidence that the manufacturer exhibited a conscious or reckless disregard of likely injury in the manufacture of its safety harnesses). *See also Stripling*, 622 So. 2d at 886 (holding that trial court erred on bottle manufacturer's motion for J.N.O.V. on plaintiff's claim of wantonness because there was not testimony that manufacturer's bottling process was carried on with a reckless or conscious disregard of the rights and safety of others). Furthermore, a manufacturer can still be liable for its negligent conduct under Alabama law. *See Thornton*, 579 So. 2d at 619 (holding that the plaintiff met the burden of proof required to sustain his claim of negligence because he produced evidence from which the jury could have concluded that the manufacturer negligently failed to install the power reduction plate on a child's motorcycle). In light of these authorities, the court denies the defendant's motion to dismiss the plaintiffs' negligence and wantonness claims.[9]

---

[9] If at trial, the plaintiffs present no substantial evidence of negligence after continuing to pursue such a claim, the court may well instruct the jury that no such evidence has been presented. The same with wantonness.

The court will grant the defendant's motion for a more definite statement. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to state in the complaint "a short and plain statement of the claim showing the pleader is entitled to relief." The plaintiffs have only made conclusory allegations. They should at least allege what the purported defect(s) are. They will be given ten days to do so.

This 20th day of May 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

Unless the plaintiffs can convince the court that they have something to gain by pursuing a negligence claim and an AEMLD claim the court may well not instruct on negligence in any event.
 Furthermore, if prior to trial the defendants can submit an opinion of the Supreme Court of Alabama that definitively holds that a plaintiff cannot pursue negligence, wantonness, and AEMLD claims against a manufacturer, the court will review its denial of the motion to dismiss.